UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-CV-24023-MORENO

MSP RECOVERY CLAIMS, SERIES
LLC, a Delaware entity,

    Plaintiff,

v.

ONEBEACON INSURANCE GROUP, a
Foreign Profit Corporation,

    Defendant.
_____/

### DEFENDANT ONEBEACON INSURANCE GROUP'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT FOR DAMAGES, MOTION TO STRIKE, AND INCORPORATED MEMORANDUM OF LAW

#### Introduction

Defendant OneBeacon Insurance Group ("OneBeacon") hereby moves to dismiss Plaintiff's Class Action Complaint for Damages (the "Complaint") (D.E. 1-1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and Local Rule 7.1, and moves to strike the Complaint's demand for double damages.

Plaintiff sues under the Medicare Secondary Payer Act ("MSP Act") as a putative assignee, or successive assignee, of numerous Medicare Advantage Organizations ("MAOs") for reimbursement of Medicare benefits provided to Medicare beneficiaries allegedly injured by OneBeacon's insureds.

Defendant moves to dismiss the class-action complaint on four independent grounds. *First*, Plaintiff has not alleged sufficient facts to demonstrate its standing to bring this suit as an assignee: it fails to allege that the assignments are valid, the identity of the MAOs whose reimbursement rights it claims to own, the identity of any intermediary assignees, the dates of the assignments, whether approval for the assignment was required and obtained, and their essential terms. Likewise, Plaintiff has not alleged sufficient facts to demonstrate an injury-in-fact. The Complaint does not specify the amounts of those settlements, the actual parties to those

1

settlements, the settlement amounts, if any, that constituted medical expenses, and whether the claimants assumed the responsibility to reimburse Medicare or agreed to hold OneBeacon or its insureds harmless from any action under the MSP Act.

*Second*, Plaintiff has not alleged sufficient facts to show that this Court has personal jurisdiction over OneBeacon.  It does not allege that Florida is OneBeacon's home state or that it has its principal place of business here, and alleges no facts establishing how this suit arises out of OneBeacon's contacts with Florida.

*Third*, Plaintiff has not alleged the dates of the liability settlements referenced in the Complaint, the settlement amounts, or the terms of the settlement to show that Plaintiff has met the applicable threshold amount and the "demonstrated responsibility" requirement under the MSP Act.

*Fourth*, Plaintiff has sued the wrong entity.  OneBeacon is a trade name and not a legal entity capable of being sued.

## I. BACKGROUND

The Medicare Act is divided into several parts; Part C is relevant here.  Medicare Part C permits individuals eligible for Medicare to elect to receive their benefits through enrollment in an MAO.  The MAOs contract with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits to Part C enrollees.  CMS delegates to the MAOs the obligation to administer, pay, and assume all Medicare economic risk for the benefits provided to Part C enrollees.  *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 1:17-CV-21996-UU, 2017 WL 4682335, at *2 (S.D. Fla. Oct. 10, 2017).

Pursuant to the MSP Act, any payment made by an MAO is "conditional" or "secondary" whenever there is a "primary plan."  42 U.S.C. § 1395y(b)(2)(A)(ii).  A primary plan, which can include liability insurance, must either pay for the enrollee's medical services or later reimburse the MAO for its conditional payments.  *Id.* at § 1395y(b)(2)(A).  Before a primary plan is required to reimburse, "it [must be] demonstrated that such primary plan has or had a responsibility to make payment."  *Id.* at § 1395y(b)(2)(B)(ii).  A primary plan's obligation to reimburse the MAO may be demonstrated by, among other things, a waiver and release of liability whether or not there is a determination or admission of liability.  *Id.*  The MSP Act also requires that the reimbursement claim exceed a threshold amount.  *Id.* at § 1395y(b)(9).  The threshold amounts are calculated and published by CMS annually.  *See* https://www.cms.gov/

Medicare/Coordination-of-Benefits-and-Recovery/Coordination-of-Benefits-and-Recovery-Overview/Non-Group-Health-Plan-Recovery/Non-Group-Health-Plan-Recovery.html (last visited on Dec. 6, 2017). Thus, depending on its terms, a tort settlement in favor of a Medicare enrollee can trigger the liability insurer's reimbursement obligation.

MAOs are required to identify and coordinate benefits with primary payers. 42 C.F.R. § 422.108(b). For example, MAOs must identify primary payers and the amounts owed, *id.* § 422.108(b)(1)-(2), and should bill either the primary payer or the Medicare enrollee for Medicare services. *Id.* § 422.108(c), (d). The MSP Act references the ability of the United States to pursue recovery and potential double damages for an alleged failure to fulfill a reimbursement obligation; however, the Eleventh Circuit has construed the MSP Act to allow a private right of action by which a secondary payer, like an MAO, can pursue recovery from a primary payer that allegedly fails to fulfill its reimbursement obligation. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357-58 (11th Cir. 2016).

This case was originally filed in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, and OneBeacon timely removed to this Court on November 1, 2017. D.E. 1 ¶ 1. The Complaint alleges a single cause of action against OneBeacon under the MSP Act, 42 U.S.C. § 1395y(b)(3)(A), seeking double damages for OneBeacon's alleged failure to reimburse unspecified MAOs for Medicare benefits allegedly advanced to cover unspecified enrollees' medical costs.

Plaintiff, who is the putative assignee of "numerous," but unidentified, MAOs that allegedly paid medical bills incurred by an unspecified number of unidentified Medicare beneficiaries, invokes the private cause of action provision of the MSP Act to recover reimbursement of Medicare benefits. D.E. 1-1 ¶¶ 4, 40, 43, 44. Plaintiff alleges that OneBeacon provided liability insurance for numerous unidentified tortfeasors, settled claims brought by unidentified MAO beneficiaries against those tortfeasors, and failed to reimburse the MAOs for the unspecified medical costs they incurred. *Id.* ¶¶ 3, 44.

## II. MOTION TO DISMISS LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the facial sufficiency of a complaint. *MSP Recovery, LLC v. Allstate Ins. Co.*, No. 15-20788-CIV-SEITZ/TURNOFF, 2015 L 10857402, at *1 (S.D. Fla. June 24, 2015). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions;" instead, plaintiffs must

3

"allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs' *well-pleaded* facts as true.  *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986).  This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.  Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. ARGUMENT

As a threshold matter, Plaintiff does not allege sufficient facts to show that it has standing to sue.  It fails to allege any details regarding the purported assignments from the MAOs, and is completely silent as to facts reflecting that the MAOs suffered an injury because they were not reimbursed when they should have been pursuant to the MSP Act.  Even if this Court were to find that Plaintiff has standing, however, Plaintiff has not alleged sufficient facts showing that this Court has personal jurisdiction over OneBeacon or the proper defendant, Atlantic Specialty Insurance Company ("Atlantic Specialty").  The Complaint is devoid of allegations indicating that OneBeacon (or Atlantic Specialty) can be regarded as "at home" in Florida, and is silent as to how this suit is tied to Florida.

Aside from these jurisdictional infirmities, the Complaint suffers from other defects. Plaintiff has not alleged sufficient facts showing that it has met the dollar-amount threshold to sue under the MSP Act, or included enough information about the terms of the settlements to "demonstrate" that OneBeacon is "responsible" for payment.  Plaintiff has also sued the wrong entity since OneBeacon is not a legal entity capable of being sued.

Finally, and alternatively, the claim for double damages, which is a statutory penalty, should be stricken because it is not assignable.

### A. Plaintiff Lacks Standing

#### 1. Legal Standard

Article III standing is jurisdictional and, therefore, a threshold inquiry. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (Internal quotations omitted). To establish standing, a plaintiff must show that it suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the injury and the conduct complained of. *Id.* The injury must also be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561.

A defendant can make either a facial or factual challenge to a plaintiff's standing. "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotations and alterations omitted). "Factual attacks on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (internal quotations omitted).

To survive a facial challenge to standing, as OneBeacon advances here, "each element of standing 'must be supported in the same way as any other matter on which plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (quoting *Lujan*, 504 U.S. at 561).

#### 2. Analysis

In this case, the allegedly violated protected interest is the right to be reimbursed for conditional payments made by MAOs on behalf of Medicare beneficiaries who settled with OneBeacon's insureds. To establish standing to sue under the MSP Act, Plaintiff must show:

(1) that the MAOs assigned their reimbursement rights to Plaintiff, and (2) that the MAOs suffered an injury (i.e., they were not reimbursed when they were entitled to be). *MAO-MSO Recovery II*, 2017 WL 4682335, at *4. The Complaint fails to satisfy both elements.

The bedrock of Plaintiff's claim here is two sets of documents implicated by the Complaint: the assignments from the MAOs, and the settlement agreements that purportedly establish OneBeacon's responsibility to pay for medical expenses. Although Plaintiff is not required to attach those case-central documents to the Complaint, it must allege more than legal conclusions relating to those documents. As discussed below, Plaintiff has not pled the assignments sufficiently to demonstrate its standing to sue and has failed to adequately plead the existence of a redressable injury. Rather, Plaintiff simply asserts bare legal conclusions that necessarily depend upon the existence and terms of the assignments and settlement agreements which have simply not been identified or provided as exhibits to the Complaint. From a standing perspective, this cannot pass muster.

Indeed, when considering a facial challenge to standing, the Court does not accept bare legal conclusions. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("standing cannot be inferred argumentatively from averments in the pleadings" but rather it is the plaintiff's burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (Internal quotations and citations omitted); *Alcocer v. Bulloch Cty. Sheriff's Office*, No. CV 615-94, 2017 WL 227793, at *3 (S.D. Ga. Jan. 18, 2017) (stating that allegations supporting standing "must be specific factual allegations and not merely conclusory statements."). The existence of a contract is a legal conclusion and not a fact that can simply be advanced in a conclusory manner without presenting the agreement upon which the right to pursue recovery is based. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017) ("But since Defendants do not allege facts showing that this alleged agreement actually exists, their allegations simply recite a legal conclusion—the existence of an agreement. So they are inadequate for pleading purposes."). Despite this pleading obligation, Plaintiff merely alleges the existence of an agreement upon which its rights are necessarily based, but does not provide the essential terms thereof or a copy of any of the agreements. This is insufficient as a matter of law.

### a.      Assignments

This same infirmity undermines Plaintiff's contention that it has standing to sue through assignments from the unidentified MAOs. Specifically, while Plaintiff alleges generally that it has assignments from the unidentified MAOs, it does not provide the assignments or identify any of the assignors. Thus, the Complaint lacks sufficient facts supporting the legal conclusion that Plaintiff has standing to sue.[1] Moreover, Plaintiff not only fails to identify the MAOs whose reimbursement rights it claims to own, but there are no factual allegations regarding the identity of any intermediary assignees, the dates of the assignments, whether approval was required and obtained, or the essential terms of the alleged assignments. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (holding that to prove the existence of a contract, a plaintiff must plead, among other things, "sufficient specification of the essential terms"); *PNCEF, LLC v. Highlander Enters., LLC*, No. 09-80974-CIV, 2010 WL 11504754, at *3 (S.D. Fla. Mar. 2, 2010) (ruling that allegations that a valid contract existed were insufficient where defendant failed to plead facts showing mutual assent, the parties to the agreement, or the date it was entered into).

Plaintiff has failed to allege sufficient facts to support the allegation that it has a right to sue, and therefore has not alleged standing sufficient to maintain the Complaint. *See MAO-MSO Recovery II*, 2017 WL 4682335, at *4-5 (dismissing complaint based on lack of standing when plaintiff pled no facts supporting the legal conclusion that they have an assignment from MAOs); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-20212-CIV-King, 2016 WL 4154266, at *2 (S.D. Fla. July 27, 2016) (dismissing complaint based on lack of standing when plaintiff's allegations "fail to allege with the necessary clarity and certainty facts showing Plaintiff's standing to sue" for reimbursement under the MSP Act).

---

[1] *See* D.E. 1-1 ¶ 2 ("Plaintiff asserts the rights of MAOs, and their assignees, via assignment of all rights, title, and interest allowing them to bring these claims."); *id.* at ¶ 40 ("Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint [sic] to Plaintiff."); *id.* at ¶ 41 ("Plaintiff has been assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for enrollees under Medicare Part C."); *id.* at ¶ 43 ("Several of these MAOs have assigned their recovery rights to Plaintiff."); *id.* at ¶ 63 ("This failure to reimburse applies to Plaintiff, as the rightful assignees of those organizations that assigned their recovery rights to Plaintiff, and to all Class Members.").

### b.     Injury-in-Fact

Furthermore, to establish an injury-in-fact Plaintiff must allege that the MAOs were entitled to—but not reimbursed for—Medicare payments.  Because this case involves liability settlements Plaintiff must allege, among other things, that those settlements included a medical component that OneBeacon should have paid directly to an MAO.  The Complaint is again completely conclusory and deficient as it merely alleges:  "The Medicare Beneficiaries entered into settlement agreements with Defendant for the medical services and/or supplies for which Defendant had primary responsibility to pay."  D.E. 1-1 at ¶ 44.  Similarly, littered throughout the Complaint is the conclusory allegation, without more, that Defendant entered into "settlements" with Medicare beneficiaries.  *See* D.E. 1-1 at ¶¶ 1, 3, 16, 44, 49, 68.

These allegations are inadequate under federal pleading standards.  They do not set forth the amount of those settlements, the actual parties to those settlements (e.g., claimants and tortfeasors), the settlement amounts, if any, that constituted medical expenses, and whether the claimants assumed the responsibility to reimburse Medicare or agreed to hold OneBeacon or its insureds harmless from any private right of action under the MSP Act.  Plaintiff's pleading deficiencies cannot be excused as mere oversight, by asserting that the facts are not available,[2] or

---

[2] Plaintiff's counsel has brought dozens of lawsuits to enforce the MSP Act in South Florida— many of which were pled with greater specificity as to who assigned what, to whom, and when. This Court has dismissed at least nine of those lawsuits based on lack of standing for various reasons. *See MAO-MSO Recovery II*, 2017 WL 4682335, at *5 (failed to plead facts supporting legal conclusion that plaintiffs had a valid assignment); *MSP Recovery, LLC v. Allstate Ins. Co.*, No. 15-20732-Civ-Scola, 2017 WL 1507721, at *4 (S.D. Fla. Apr. 20, 2017) (MAO's receiver repudiated the assignment and assignment to successive assignee was ineffective); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 16-20338-CIV-Lenard/Goodman, 212 F. Supp. 3d 1250, 1256-1257 (S.D. Fla. Sept. 30, 2016) (failed to allege that MAO approved the assignment to the successive assignee and receiver repudiated the second assignment agreement); *MSPA Claims 1, LLC v. Infinity Auto Ins. Co.*, 204 F. Supp. 3d 1346, 1347 (S.D. Fla. 2016) (MAO did not approve, as required by the assignment agreement, assignment to successive assignee); *MSPA Claims 1, LLC v. First Acceptance Ins. Co.***,** No. 16-20314-CIV-Williams, 2016 WL 4523850 (S.D. Fla. Aug. 29, 2016) (failed to allege that MAO approved, as required by the assignment agreement, assignment to successive assignee and MAO's receiver repudiated assignment); *MSPA Claims I, LLC v. United Auto. Ins. Co.,* 204 F. Supp. 3d 1342 (S.D. Fla. 2016) (failed to allege that MAO approved, as required by the assignment agreement, assignment to successive assignee and MAO's receiver repudiated assignment); *MSPA Claims I, LLC v. National Specialty Ins. Co.,* No. 16-20401-Civ-Cooke/Torres, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016) (failed to allege that MAO approved assignment to successive assignee); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.,*No. 1:16-cv-20459-KMM, 2016 WL

suggesting that the terms are confidential.  *See* Fed. R. Civ. P. 5.2(f) (authorizing a party to file an unredacted filing under seal); Local Rule 5.4(b) (detailing the procedures for filing under seal in civil cases).  The "less is more" approach taken by Plaintiff violates federal pleading requirements and cannot support the jurisdictional standing requirement.

**B.     Plaintiff Has Not Alleged Sufficient Facts Demonstrating That This Court Has Personal Jurisdiction Over OneBeacon**

In addition to lacking standing to advance the claim, Plaintiff has not articulated a basis for personal jurisdiction over OneBeacon (or Atlantic Specialty).  There are two types of personal jurisdiction: general and specific jurisdiction.  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1179-80 (2017).  For a corporation, general jurisdiction exists where the "corporation is fairly regarded as at home."  *Id.* 1780.  The place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  On the other hand, for specific jurisdiction to exist the suit must arise out of or relate to the defendant's contact with the forum.  *Bristol-Myers Squibb*, 137 S. Ct. at 1780.  In other words, there must be an affiliation between the forum and the underlying controversy and an activity or an occurrence that takes place in the forum state.  *Id.*

The Complaint here is devoid of any allegations indicating that OneBeacon or Atlantic Specialty, the proper defendant, *see* Point D, *infra*, can be regarded as at home in Florida. Plaintiff does not allege that OneBeacon (much less Atlantic Specialty) has it principal place of business in Florida or that its home office is here.  To the contrary, Plaintiff merely alleges that OneBeacon is authorized to do business in Florida.  D.E. 1-1 ¶ 42.  As established by the declaration of Atlantic Specialty's coverage counsel, Daniel Payne, Atlantic Specialty does not maintain its corporate headquarters or its principal place of business in Florida.  *See* Exhibit A. Similarly, the Complaint is completely silent as to how this suit is tied to Florida.  While it references "incidents," D.E. 1-1 ¶ 55, it does not allege where they occurred.  Moreover, Plaintiff does not link up the alleged business that OneBeacon is authorized to carry on in Florida with the

---

4157592 (S.D. Fla. Aug. 3, 2016) (MAO did not approve, as required by the assignment agreement, assignment to successive assignee); *MSPA Claims 1, LLC v. Sec. Nat'l Ins. Co.*, Order Granting Def.'s Mot. to Dismiss Corrected Second Am. Compl. (11th Jud. Cir. Mar. 31, 2017) (assignment from MAO to first assignee did "not transfer the rights that Plaintiff alleges were assigned"; complaint did not sufficiently allege that assignment to successive assignee was approved by MAO; and MAO's receiver repudiated the second assignment) (attached as Exhibit B).

claims at issue.  Accordingly, this Court should dismiss the Complaint based on lack of personal jurisdiction.

**C.     Plaintiff Has Not Alleged that it Satisfies the MSP Act Threshold**

In *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351 (11th Cir. 2016), the Eleventh Circuit confronted whether the "demonstrated responsibility" requirement of the MSP Act, *see* 42 U.S.C. § 1395y(b)(2)(B)(ii), is incorporated as a prerequisite to pursuing a private cause of action.  This threshold requirement impacts the core standing principle because if a plaintiff does not allege that an entity "fails to provide primary payment" in accordance with the MSP Act, then the basis for a claimed private right of action is nonexistent.  As the relevant text provides:

> There is established a private cause of action for damages . . . in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A).  The Eleventh Circuit has explained that the demonstrated responsibility requirement based upon the failure to provide for primary payment is a necessary prerequisite to pursuing a private cause of action even through "demonstrated responsibility" was not explicitly included in section 1395y(b)(3)(A).  *See Allstate*, 835 F.3d at 1359.  Rather, as the Eleventh Circuit observed, the demonstrated responsibility provision is written in a separate section, § 1395y(b)(2)(B).  The private right of action mentioned in section 1395y(b)(3)(A) references paragraph 2(A), which, in turn, references paragraph (2)(B).  Therefore, the Eleventh Circuit reasoned that the demonstrated responsibility requirement should be applied to the private right of action.  In this case, although "settlements" have been alleged, Plaintiff has not demonstrated through the language of those settlement agreements that OneBeacon is responsible for payment.  Therefore, Plaintiff's Complaint fails to state a claim for relief.

Along these lines, in *MSPA Claim I, LLC v. Nat'l Fire Ins. Co. of Hartford*, No. 16-20531-CIV-MORENO, 2017 WL 4217135 (S.D. Fla. Sept. 20, 2017), this Court—applying *Allstate's* structural analysis relating to the "demonstrated responsibility" pleading requirement—concluded that the threshold amount identified in 42 U.S.C. § 1395y(b)(9) is also a prerequisite to stating a claim.  As this Court concluded:

> The threshold amount provision reads as follows:
>
>> Clause (ii) of paragraph (2)(B) and any reporting required by paragraph (8) shall not apply with respect to any settlement, judgment, award, or other payment by an applicable plan arising from liability insurance ... and from alleged physical trauma-based

> incidents ... constituting total payment obligation to a claimant of not more than the single threshold amount calculated by the Secretary under subparagraph (B) for the year involved.
>
> 42 U.S.C. § 1395y(b)(9)(A). The threshold amount section references clause (ii) of paragraph (2)(B), which, in turn, cross-references paragraph (9), and clarifies that any reimbursement obligation imposed upon a primary plan for payments is subject to paragraph (9). 42 U.S.C. § 1395y(b)(2)(B)(ii). Unequivocally, statutory section (2)(B) references the threshold amount of paragraph (9) and vice-versa. Following *Allstate's* rationale, this Court will likewise read the threshold amount requirement into the private right of action.

*MSPA Claim I*, 2017 WL 4217135, at *2-3.[3]

Plaintiff has not alleged the dates of the settlements at issue or the settlement amounts to satisfy the applicable threshold to bring a cause of action under the MSP Act. Therefore, because Plaintiff has not alleged sufficient facts to demonstrate that it has stated a claim for relief under the MSP Act, the Complaint should be dismissed. *See id.* ("It is undisputed that at the time of the settlement in this case, the threshold amount referenced in paragraph (9) of the Medicare Secondary Payer Act was set at $2,000. It is undisputed that National Fire's settlement for $1,500 was less than $2,000 and the threshold to bring a cause of action is not met. The Plaintiff, therefore, does not state a cognizable claim under the Medicare Secondary Payer Act.").

**D.      Plaintiff Has Sued the Wrong Entity**

Plaintiff filed this lawsuit against OneBeacon Insurance Group, and purports to have served OneBeacon Insurance Group. D.E. 1-1 at 24-26. "OneBeacon Insurance Group," however, is a trade name, not a legal entity capable of being sued. *See* OneBeacon Ins. Grp., http://www.onebeacon.com/OneBeacon/pages/companyinfo/about.page (stating that OneBeacon sells insurance products *through underwriters*) (last visited Nov. 27, 2017); D.E. 1 at n.1. OneBeacon Insurance Group does not itself issue or underwrite policies. *See* Exhibit A. Atlantic Specialty is OneBeacon's lead underwriting company and, under the current corporate structure, is the parent company for all other underwriting companies issuing OneBeacon policies. *See* D.E. 1 at n.1; Exhibit A.

---

[3] Based upon other legal precedent and legislative history, this Court rejected Plaintiff's request to limit the threshold to cases brought by the federal government for reimbursement under 42 U.S.C. § 1395y(2)(B)(3). *Id.* at *3.

11

Because Plaintiff does not designate any policy or underwriter, or attach any of the relevant liability policies and seeks to bring a putative class action, the proper defendant, as the Complaint is currently pled, is Atlantic Specialty. Further pleading and/or discovery may reveal that other underwriters may be proper defendants. Because Plaintiff has sued the wrong entity, however, dismissal is appropriate for failing to state a claim for relief against OneBeacon. *See MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 1:15-cv-21417-UU, 2015 WL 4511284, at *2 (S.D. Fla. July 22, 2015) (dismissing complaint when plaintiff sued an entity that did not underwrite the enrollee's PIP policy); *see also Warter v. Boston Sec., S.A.,* 03-81026-CIV/RYSKAMP, 2004 WL 691787, at *13 (S.D. Fla. Mar. 22, 2004) (granting motion to dismiss when affidavit showed that defendant bank holding company did not conduct any banking activities).

**E.     The Claim for Double Damages is Not Assignable and Should Be Stricken**

If the Court dismisses the Complaint then it need not consider the sufficiency of Plaintiff's claim for double damages. If it declines to dismiss the Complaint in its entirety, however, the Court should strike the double damages claim because it is not assignable as a matter of law. The MSP Act is silent as to whether the right to recover double damages is assignable and merely states, in pertinent part, that "[t]here is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." 42 U.S.C. § 1395y(b)(3)(A). Because the MSP Act is silent on this issue, this Court must look to state law and federal common law for guidance. *See U.S. Fax Law Center, Inc. v. iHire, Inc.*, 362 F. Supp. 2d 1248, 1253 (D. Colo. 2005); *see also MacInnes v. MacInnes*, 677 N.W.2d 889, 893 (Mich. Ct. App. 2004) (stating that "courts must turn to federal common law and state law to fill the gap . . . when ERISA is silent on the issue of what constitutes a valid waiver of interest").

Under state law and federal common law, statutory penalties are personal in nature and not assignable. *See generally* 36 Am. Jur. 2d *Forfeitures and Penalties* § 68 (2017).[4] This rule

---

[4]*See also U.S. Fax,* 362 F. Supp. 2d at 1253 (holding that claims for statutory damages under the Telephone Consumer Protection Act, which amounted to a penalty in excess of actual damages, were not assignable), *affirmed*, 476 F.3d 1112 (10th Cir. 2007); *Martinez v. Green*, 131 P.3d 492, 495 n.7 (Ariz. Ct. App. 2006) (claims for "statutory penalties . . . are generally not assignable"); *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Ct. of Los Angeles*

serves a very important public policy—if such claims were assignable it would encourage litigation.[5] *U.S. Fax*, 362 F. Supp. 2d at 1253 (citing 36 Am. Jur. 2d *Forfeitures and Penalties* § 56 (2001)). Moreover, the reasons that preclude the assignability of mere personal rights, such as actions for slander, assault, and battery and other pure torts, apply to statutory penalties.[6] *Nordling v. Johnston*, 283 P.2d at 1000. The only exception to this rule exists when the governing statute expressly or specifically authorizes an assignment. *See U.S. Fax*, 362 F. Supp. 2d at 1253; *Mayer v. Rankin*, 63 P.2d 611, 616 (Utah 1936); *Demopolis v. Galvin*, 786 P.2d 804, 808 (Wash. Ct. App. 1990); *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 244 S.E.2d 321, 323 (W. Va. 1978).

The right to recover double damages under the MSP Act is construed as a penalty because it imposes an obligation to pay an amount beyond compensation sufficient to make the injured person whole. *See Demopolis*, 786 P.2d at 808. Specifically, the MSP Act provides for double damages, in part, "to punish private insurers that violate its prohibition of shifting costs to Medicare." *Bio-Med. Applications of Tenn., Inc. v. Central States Se. & Sw. Areas Healthcare & Welfare Fund*, 656 F.3d 277, 295 (6th Cir. 2011); *see also Collins v. Wellcare Healthcare Plans, Inc.*, 73 F. Supp. 3d 653, 670 (E.D. La. 2014) ("award of double damages [under the MSP Act] is intended to have a punitive effect"). *Cf. Harris Corp. v. Humana Health Ins. Co. of Fla., Inc.*, 253 F.3d 598, 606 (11th Cir. 2001) ("double damages . . . deter[ ] private insurers primary to Medicare under the statute from attempting to lay medical costs at the government's doorstep").

In this case, Plaintiff is not an MAO, but is asserting the rights of numerous MAOs through one or more assignments. Nothing in the MSP Act authorizes alleged assignees, such as Plaintiff, to recover double damages by assignment. Accordingly, Plaintiff's demand for double damages, *see* D.E. 1-1 ¶¶ 61, 77(c)(i), should be stricken.

---

*Cnty*, 209 P.3d 937, 943 (Cal. 2009) ("the right to recover a statutory penalty may not be assigned"); *Nat'l Surety Corp. v. State*, 198 So. 299, 301 (Miss. 1940) ("The general rule is that a right to recover a penalty is not assignable."); *Nordling v. Johnston*, 283 P.2d 994, 999 (Or. 1955) ("It is quite true . . . that a cause of action to recover a statutory penalty is not assignable." (citing 6 C.J.S. *Assignments* § 37).

[5] The Miami-Dade County Clerk's website reflects that Plaintiff alone (not including affiliates) has filed at least 61 MSP Act class action lawsuits in Miami-Dade County.

[6] Under Florida law, personal torts such as for personal injuries, slander or assault are not assignable. *McNulty v. Nationwide Mut. Ins. Co.*, 221 So. 2d 208, 210 (Fla. 3d DCA 1969).

## IV. CONCLUSION

Based on the foregoing, Defendant OneBeacon respectfully requests that this Court enter an order dismissing the Complaint and, alternatively, the entry of an order striking the demand for double damages.

## V. REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), OneBeacon requests the Court to schedule oral argument and suggests that twenty-minutes of the Court's time will be sufficient. Given that Plaintiff has filed this case as a class action and that it arises under a nuanced area of the law, OneBeacon respectfully suggests that oral argument will be helpful to the Court because it will provide an opportunity to further demonstrate why the requested relief is appropriate, as well as to answer any potential questions.

Respectfully submitted,

/s/ Jack Reiter
Jack R. Reiter, Esq.
Florida Bar No.: 28304
jack.reiter@gray-robinson.com
Robert C. Weill, Esq.
Florida Bar No.: 009962
robert.weill@gray-robinson.com
Jordan S. Kosches, Esq.
Florida Bar No.: 49881
jordan.kosches@gray-robinson.com
GrayRobinson, P.A.
333 SE Second Avenue
Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Motion To Dismiss the Class Action Complaint for Damages, Motion to Strike, and Incorporated Memorandum of Law was filed with the Clerk of Court using the CM/ECF system this **8th** day of **December 2017**, which will serve a copy on all counsel of record listed on the attached Service List.

/s/ Jack Reiter

## SERVICE LIST

John H. Ruiz, Esq.
Frank Quesada, Esq.
Gino Moreno, Esq.
Yesenia Lara, Esq.
Chris Miranda, Esq.
Ralph De La Grana, Esq.
MSP Recovery Law Firm
5000 SW 75 Avenue
Suite 400
Miami, Florida 33155
Telephone: (305) 614-2222
Facsimile:  (866) 582-0907
jruiz@msprecovery.com
fquesada@msprecovery.com
gmoreno@msprecovery.com
ylara@msprecovery.com
cmiranda@msprecovery.com
rdelagrana@msprecovery.com

*Counsel for Plaintiff MSP Recovery Claims, Series LLC*